UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRY BALDWIN
    Reg. No. 21117-047,
    Petitioner,

vs.                                                     Case No. 5:21-cv-169-TKW/MAL

WARDEN, F.C.I. MARIANNA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner Terry Baldwin's petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner claims he is illegally in custody of the Federal Bureau of Prisons (BOP) and seeks to be returned to the Nebraska Department of Corrections, claiming that the state has primary jurisdiction over him. Respondent claims Petitioner failed to exhaust his administrative remedies and also that the petition should be dismissed on the merits. Doc. 17. Petitioner has replied, and this matter is ripe for disposition. For the reasons discussed below, the undersigned concludes the petition should be denied and dismissed.

### I.     Background

Petitioner is currently incarcerated at the Federal Correctional Institution in Marianna, Florida with a projected release date of April 29, 2028. https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results. He is serving a

300-month term of imprisonment imposed in the United States District Court for the District of Nebraska after his conviction of aiding and abetting the production of child pornography and possession of child pornography. Doc. 11-2 at 25-26; Doc. 11-2 at 25-26. The June 30, 2008 judgment specifically provides that Petitioner's sentence is to run concurrently with the sentence imposed in the District Court of Lincoln County, Nebraska, case number CR07-193. Doc. 11-2 at 26. On December 3, 2007, Petitioner was sentenced in Lincoln County, Nebraska case CR-07-193, the case referenced in the federal judgment, to a term of not less than 25 years nor more than 50 years after his conviction of First-Degree Sexual Assault of a Child. Doc. 11-2 at 23; Doc. 1 at 7.

In the instant petition, Petitioner, proceeding "pro se" but with the assistance of an inmate paralegal (*see* Doc. 7 at 3), contends the State of Nebraska has primary custody over him because his state conviction occurred first. Petitioner asserts that federal authorities "borrowed" him but never returned him to Nebraska to continue serving his "already imposed state sentence." Doc. 1-1 at 1. He claims he has wrongfully been in federal custody for over fourteen years. *See* Doc. 7 at 3. As relief, Petitioner requests to be returned to the custody of the Nebraska Department of Corrections. Doc. 1 at 6.

## II. Discussion

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert. *Id.* To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016).

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). An inmate "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition involving the computation of sentence credits. *Id*. Although the exhaustion requirement is not jurisdictional, it is a requirement. *Santiago-Lugo v. Warden,* 785 F.3d 467, 475 (11th Cir. 2015). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. An inmate seeking to challenge the computation of sentence credits must avail himself of the BOP's administrative remedy procedure before filing a § 2241 petition. *See Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence

credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting his complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty

days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. Each filing received is logged into SENTRY. Remedies filed at the institutional level are given an identifying number and the appendage "- F." Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejections. 28 C.F.R. § 542.17(b).

Adjudicating a motion to dismiss for failure to exhaust involves two steps. *Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th

Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*.

### B. Petitioner failed to exhaust his administrative remedies

Respondent contends Petitioner did not exhaust his administrative remedies and further asserts the Warden "does not waive administrative exhaustion for the resolution of Petitioner's claim." Doc. 11at 7. The record supports Respondent's position that Petitioner did not fully exhaust his administrative remedies.

Petitioner filed an informal grievance dated May 20, 2021 regarding his custodial status. Doc. 7 at 5. The response states in relevant part:

> After the review and looking at your PSI and Judgment and Commitment file. In your file it has Nebraska as the arresting agency on January 11, 2007. The issue is that Nebraska dropped one of charges for that day in which you have several other charges pertaining to the current sentence. With this the Federal Government received custody of you on January 25, 2007, and only relinquished custody fo (sic) you through a WRIT with Nebraska State of Corrections. A further review through Grand Prairie [BOP Designation and Sentence Computation Center ("DSCC")] is currently being conducted.

Doc. 7 at 5.

Petitioner then filed a BP-9 with the Warden of FCI Marianna. The Warden's June 15, 2021 response to his administrative remedy states in pertinent part:

> Upon review of this matter, it revealed your case does look like Nebraska has primary custody of you. Grand Prairie is looking into the situation and is in contact with Nebraska to review both Federal and State documents in your case.

Doc. 1 at 9. The response indicated it was for informational purposes only, and it advised Petitioner of his right to appeal to the regional director within 20 days from the date of the response. *Id.*

Petitioner states he attempted to continue the administrative process by filing a BP-10, but he was advised by staff that "because the matter had been turned over to Grand Prairie that an appeal to Region (sic) would not matter and he would have to wait for Grand Prairie decision." Doc. 7 at 2. He notes that as of the date of his response to the Court's Order as to exhaustion, Grand Prairie had had the issue under review for over four months.[1] *Id.* at 1. He also claims any further attempts at exhaustion would be futile, Doc. 7 at 3, and he should not be prejudiced by correctional staff's attempts to thwart his further appeals. Doc. 21 at 5.

Respondent has submitted a "Sentence Computation Summary for Habeas

---

[1] Petitioner submits that Grand Prairie DSCC issued a response "[o]nly when the Petitioner filed this action," and the response "is faulty and not in accordance with statutory application." Doc. 21 at 5.

Petition" prepared by Management Analyst Stephen P. Smith in conjunction with the response to the petition. Doc. 11-1. Mr. Smith confirms in his statement that Petitioner filed an administrative remedy at the institution level regarding his custodial status with the BOP (*see* Remedy 1083340-F1), but that no record exists of an appeal to the Regional or Central Office in SENTRY. Doc. 11-1 at 3; Doc. 11-2 at 36.

As the Supreme Court has explained, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91. Full exhaustion is required. There are three levels to the BOP's administrative remedy process, and "[a]n inmate has not fully exhausted [her] administrative remedies until [she] has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Petitioner did not properly complete all levels of the BOP's administrative remedy process as to his claim, and, therefore, this ground is subject to dismissal for his failure to exhaust.

Petitioner's assertion that further attempts at exhaustion would be futile is not well taken. First, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph,* 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no futility

exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.*, (*citing McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)).

### C. **Absent the exhaustion barrier, no relief is warrant on the merits.**

Respondent contends, relying on the statement of Mr. Smith, that even if Petitioner had properly exhausted his administrative remedies, no relief is warranted. Doc. 11-1. The timeline of events is critical. Mr. Smith explains Petitioner was taken into state custody on January 11, 2007 by the Nebraska State Police after his arrest for possession of child pornography. Doc. 11-1 at 3. These charges were dismissed on January 25, 2007 after Petitioner was federally indicted. *See* Doc. 11-2 at 2 (Petitioner's Nebraska criminal history reflecting prosecution declined on Jan. 25, 2007); Doc. 11-2 at 5-6 (federal indictment); Doc. 11-2 at 8 (motion for dismissal of case CR07-71).[2] Petitioner was taken into federal custody by the United States Marshals Service on January 25, 2007, thus entering primary federal custody. Doc.

---

[2] The undersigned was advised that due to the age of the case, court records had been purged.

11-1 at 3; Doc. 11-2 at 10. On February 1, 2007, Petitioner waived a detention hearing in the United States District Court for the District of Nebraska and agreed to detention. Doc. 11-2 at 16. On April 24, 2007, 90 days after Petitioner entered primary federal custody, a new criminal complaint was filed in Lincoln County Nebraska charging Petitioner with a different offense: First Degree Sexual Assault of a Child in Case CR07-944. Doc. 11-2 at 18, 20. Petitioner's federal case was continued, at his request, so he could appear in Lincoln County for arraignment on the state charges. *See* D. Neb. Case 4:07cr3001/RGK/CRZ, ECF Doc. 25, Order dated June 14, 2007. He was temporarily released to state authorities pursuant to a Writ of Habeas Corpus Ad Prosequendum for prosecution of this offense. Doc. 11-1 at 4. On December 3, 2007, Petitioner was sentenced in Lincoln County Case CR07-193 to not less than 25 years or more than 50 years' imprisonment, and he was credited for 326 days of time served in county jail. Doc. 11-2 at 23. Petitioner pleaded guilty in the federal case on March 14, 2008. Doc. 11-2 at 25. The court sentenced him to a term of 300 months' imprisonment, to run concurrent with the sentence imposed in Lincoln County case CR07-193.

Mr. Smith relies on an April 2014 article authored by Henry J. Sadowski, Northeast Regional Counsel for the Bureau of Prisons for his conclusion that federal custody is primary in this case. *See* Doc. 11-2 at 38-44. In the article, Mr. Sadowski states that it is the sovereign that first arrested the offender that has primary

jurisdiction over the offender "unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of the state charges, parole release, or expiration of state sentence." Doc. 11-2 at 40 (citing *United States v. Cole*, 416 F. 3d 894 (8th Cir. 2005); *Rios v. Wiley*, 201 F. 3d 257, 274 (3d Cir. 2000); *Taylor v. Reno*, 164 F. 3d 440 (9th Cir. 1998); *United States v. Warren*, 610 F. 2d 680 (9th Cir. 1980); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Penn. 1996); *United States v. Smith*, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993)); *see also United States v. Jackson*, 2014 WL 2919625, *5 (D. Neb. Jun. 2014). Therefore, when the State of Nebraska dismissed the child pornography charges due to the federal indictment, primary jurisdiction shifted to the federal authorities. Because those charges remained pending, primary jurisdiction did not shift again when Nebraska filed additional charges against Petitioner; rather he was loaned to the state for this purpose. *See Cole,* 416 F. 3d at 896-97 ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign;" *see also Moody v. Stewart,* No. CV 18-00063-CG-B, 2018 WL 10615237, at *13 (S.D. Ala. Mar. 22, 2018)*, aff'd on other grounds sub nom. Moody v. Holman,* 887 F.3d 1281 (11th Cir. 2018) ("Nothing in *Cole* suggests a prisoner has standing to demand that he be allowed to serve the sentence of the sovereign with "primary jurisdiction" first.)

Petitioner's claim that he received sentencing credit for time spent in state custody before his federal arrest is not dispositive of his claim.

### III.  Conclusion

The record reflects Petitioner did not exhaust his administrative remedies. Furthermore, even if Respondent had waived the exhaustion issue, which he did not, no relief is warranted on the merits. Therefore, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DENIED and DISMISSED**.

2. The Clerk of Court be directed to close the file.

At Gainesville, Florida, on December 22, 2022.

s/ <u>*Midori A. Lowry*</u><br>
Midori A. Lowry<br>
United States Magistrate Judge

### NOTICE TO THE PARTIES

**This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(B);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

**recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**